IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David Kallies, et al.,          :

    Plaintiffs,              :

  v.                              :    Case No. 2:08-cv-830

Curascript, Inc., et al.,       :    JUDGE FROST

    Defendants.              :

ORDER

This case is before the Court to consider the plaintiffs' motion for leave to file an amended complaint. The motion has been fully briefed. For the following reasons, the motion will be granted.

I.

In the initial complaint, plaintiffs David and Lisa Kallies assert that Mr. Kallies was injured as a result of receiving allegedly defective pain medication. According to the complaint, defendant Priority Healthcare Corporation manufactured, supplied or distributed medication for a pain pump called the Medtronic Synchromed Infusion System. The remaining defendants are either successors-in-interest to Priority Healthcare or other manufacturers, suppliers, or distributors of medication for the pain pump.

The initial complaint was filed on July 28, 2008, and removed to this Court on September 2, 2008. According to its allegations, Mr. Kallies was implanted with the pain pump on September 22, 2005. On July 28, 2006, Mr. Kallies underwent surgery which revealed that the pump was malfunctioning due to defects in the pain medication ordered by his physician. The initial complaint also includes Lisa Kallies' loss of consortium claim. This loss of consortium claim was dismissed without prejudice on June 3, 2009. See Order, Doc. #32.

As this case currently stands, Mr. Kallies seeks to amend the complaint to add a new defendant, Priority Health Pharmacy, Inc. According to the motion for leave, Priority Pharmacy is a wholly-owned subsidiary of Priority Healthcare and may have provided the medication at issue in this case. In an apparent effort to explain his failure to name Priority Pharmacy as a defendant initially, Mr. Kallies contends that Priority Healthcare publicly represented that it had entered into an exclusive pharmacy services agreement with Medtronic. Further, Mr. Kallies asserts that Priority Healthcare does not distinguish itself from Priority Pharmacy and that the two entities share a common principal place of business in Florida. Based on this information, Mr. Kallies argues that the proposed claims against Priority Pharmacy relate back to the date of filing of the original complaint.

Defendants raise two arguments in response to the motion for leave to amend. First, defendants contend that the motion is untimely under the scheduling order entered in this case. According to defendants, Mr. Kallies had been aware of Priority Pharmacy as early as October 22, 2008, implying that he could have moved for leave to amend much earlier than he did. Further, defendants argue that the motion should be denied because the applicable statute of limitations has run. The defendants, relying on R.C. 2305.10, assert that the statute of limitations in this case is two years for the claims based on the alleged personal injury of Mr. Kallies. Because the claim against Priority Pharmacy was not brought within the two-year period following Mr. Kallies' alleged injury, defendants assert that the claim is time-barred.

In reply, Mr. Kallies contends that the motion was not untimely because it was originally filed on March 4, 2009, several days prior to the filing deadline. The motion was denied

without prejudice to refiling for failure to comply with Local Civil Rule 7.3.  Mr. Kallies asserts that the motion was not able to be re-filed until April 7, 2009, due to defendants' failure to provide a definitive answer as to whether they intended to oppose the motion.

Further, Mr. Kallies argues that the amendment satisfies the requirements of Fed.R.Civ.P. 15(c).  Mr. Kallies contends that the amendment asserts a claim rising out of the same occurrence set out in the original complaint, Priority Pharmacy received notice of the action within the time period provided by Fed.R.Civ.P. 4(m), and due to Priority Healthcare's public representations, he was mistaken concerning the correct party's identity.  Mr. Kallies has submitted an affidavit from his counsel, Mr. Fitch, addressed to the issues of timeliness of the motion and the mistaken identity.  See Exhibit 1 attached to Reply Memorandum.

II.

The Court will first address the issue regarding the timeliness of the filing of the motion.  Generally, motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure.  When the Court has issued a scheduling order setting a deadline for motions to amend the pleadings, however, a subsequent motion for leave to amend must first be analyzed under Rule 16(b) before determining whether the motion satisfies Rule 15(a).  In the Memorandum of the First Pretrial Conference, the deadline for amended pleadings was set for March 8, 2009.

Rule 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery.  The rule further provides that "[a] schedule may be modified only for good cause ...."  The provision in Rule 15(a) that "leave [to amend] shall be freely

3

given when justice so requires" assumes that the moving party has complied with any Rule 16 deadline.  See Sosa v. Airprint Sys., Inc., 133 F.3d 1417 (11th Cir. 1998) ("if we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure").  Rule 16, in other words, prescribes the time by which any motion for leave to amend must be filed; Rule 15 provides guidance to the courts on deciding the merits of timely motions.

Under Rule 16(b), "once a scheduling order's deadline passes, a party must first show 'good cause' for the failure to seek leave to amend prior to the expiration of the deadline before a court will consider whether the amendment is proper under Rule 15(a)."  Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003).  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."  Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause.  Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997).  Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered.  Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).

Here, there is no dispute that Mr. Kallies sought leave to

amend the complaint prior to the expiration of the deadline set forth in the Court's scheduling order. This motion for leave was denied without prejudice. According to Mr. Fitch's affidavit, he had consulted with opposing counsel prior to seeking leave to amend but no agreement was reached. Upon the denial of the motion without prejudice, he contacted opposing counsel again on March 6, 2009, and was told that opposing counsel needed to talk with his client. Ultimately, it did not become clear that no agreement was going to be reached until after the deadline for filing a motion to amend had passed. In his affidavit, Mr. Fitch states that had opposing counsel simply indicated that he opposed the motion or could not agree to a stipulation when contacted on March 6, 2009, the motion for leave to amend would have been re-filed by the deadline. As things turned out, the motion was filed on April 7, 2009, approximately one month after the deadline.

Defendants have provided no evidence in response to Mr. Fitch's affidavit. Under these circumstances, the Court finds that Mr. Kallies has demonstrated good cause for modifying the case schedule. Further, the Court does not consider an approximate thirty-day modification of the case schedule to be excessive here. While counsel for Mr. Kallies might have pursued more aggressively an answer from opposing counsel, it appears that his intention was fully to adhere to the Court's order and ensure his compliance with the Local Rules. Moreover, as a practical matter, in light of defendants' opposition to the motion, a thirty-day modification will not significantly impact the progression of this case such that defendants could demonstrate any prejudice. In fact, defendants have not even claimed any prejudice here. Given these circumstances, the Court cannot find that any substantial unfairness to the defendants exists which would prevent a finding of good cause for a

5

modification.  Consequently, the motion for leave to amend will not be denied on grounds that it is untimely.

III.

The Court will now turn to the merits of the motion for leave to amend.  Rule 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)).  See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d

6

637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992). The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir. 1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id.

IV.

Although not articulated as such, defendants' assertion that leave to amend should be denied because the claims against Priority Pharmacy are time-barred is an argument that leave to amend should be denied on grounds of futility. There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least

7

indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss. Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989). Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

Here, Mr. Kallies has made the colorable argument that the proposed amendment relates back to the original filing date pursuant to Rule 15(c). If Mr. Kallies is correct, his proposed amendment may survive the statute of limitations defense as raised by the defendants. If he is incorrect, however, his proposed amendment may be subject to dismissal, assuming defendants are correct in their assertion regarding the proper statute of limitations applicable to this case. Under these circumstances, the Court finds it to be a better exercise of discretion to permit the amendment. Consequently, the motion for leave to amend will be granted with the understanding that defendants may pursue their statute of limitations defense by way of a motion to dismiss.

V.

Based on the foregoing, the plaintiff's motion for leave to file an amended complaint (#24) is granted. The Clerk shall detach and file the amended complaint attached to the motion.

Any party may, within ten (10) days after this Order is

filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge